UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

William Morgan as beneficiary

                Plaintiff(s),

v.

                Defendant(s)

WELSS FARGO ,
KAMRAN GHAZVINI

**ORIGINAL**

INDEX:

**CV 18 - 7264**

COMPLAINT

BIANCO, J.

LOCKE, M.J.

## PARTIES

1. Plaintiff, William Morgan hereinafter referred to as Plaintiff) is domiciled in the State of New York, County of Nassau herein after, also, Plaintiff.

2. Defendant(s) WELLS FARGO BANK., (hereinafter referred to as Defendant) with its place of business being PO BOX10335 , DES MOINES , IA 50306.

3. Defendant , Kamran Ghazvini.,(hereinafter referred to as Defendant) with her place of business being 241 Brookville Road Glen Head , NY 11545

4. Jurisdiction arises under 15 USC 1640, Title 12, Regulation Z, Part 226.1(c)(3), Title 24 CFR, Regulation X, Part 3500. This court also has authority to hear Federal Law.



RECEIVED
DEC 20 2018
PRO SE OFFICE

## GENERAL BACKGROUND

5. This is an action for wrongful foreclosure, rescission of an illegal and void Mortgage and Note to certain real estate. This purported mortgage and note and the actions taken by Defendant contain unfair trade practices and predatory lending practices.

6. Defendant also seeks recovery for damages for non-disclosure of defendants right to cancel, non-disclosure of certain Truth in Lending disclosures and Federal violations of numerous consumer rights.

## FACTS OF THE CASE

7. That the Plaintiff and Defendant purported to execute a Mortgage and Note, purported loan number **0484477807**. The said purported mortgage and note were never consummated by signing therein. Plaintiff never during the duration of the purported loan transaction, within a reasonable amount of time, ever gave the defendants a signed copy of the purported mortgage and note.

8. Either before, during and/or after the settlement, Defendant(s) failed and/or refused to provide defendant with copies of important documents, including the complete mortgage and note, which would explain their consumer rights, as well as other rights, including but not limited to, the right to cancel the contract and the Federal Truth in Lending Disclosures.

9. Defendant(s)also intentionally failed and/or refused to provide defendant various disclosures that would indicate to defendant that the contract entered into was void and illegal. For instance, Defendant(s)failed to disclose that the loan obtained had an

interest rate higher than stated and in the preliminary disclosures, which preliminary disclosures were never given.

10. Defendants attorney and/or settlement officer did not furnish defendant with copies of numerous important settlement documents, ever in the loans history.

11. Defendant caused to be filed into the records of the State of New York, a foreclosure with no documents purported to be the mortgage or note purported to be executed by plaintiff.

12. Defendant(s) never during the duration of the entire purported loans history delivered upon the defendant a Notice of Default and Right to cure, with the entire accounting to show where the amounts owed were derived from.

13. Defendant(s) never during the duration of the entire purported loans history delivered upon the defendant an acceleration statement, accelerating the purported loan.

14. The Defendant(s) herein and at all times relevant thereto, was under legal obligation as a fiduciary and had the responsibility of overseeing the purported loan consummation and make sure that the plaintiff received all mandated documentation, before and after the purported consumer transaction.

## COUNT I (UNFAIR TRADE PRACTICES INVOLVING NON-COMPLIANCE, 15 USC § 1601, ET, SEQ.)

15. The facts made above in paragraphs 1 through 14 are hereby realleged as though fully set out and incorporated by reference herein.

16. The mortgage documents were not given by Defendant(s), after the settlement had taken place, and after defendants had purported to sign the documents.

17. The above-mentioned constitutes a false representation of the settlement agreement.

18. As a direct, proximate, and foreseeable result of Defendant(s) actions, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) actions.

## COUNT II (DISCLOSURE VIOLATION PURSUANT TO 15 U.S.C1635, ET SEQ.)

19. The facts made above in paragraphs 1 through 18 are hereby realleged as though fully set out and incorporated by reference herein.

The present case credit transaction is governed by the disclosure requirements of Title 15 USC 1635.

20. The UCC 1 lien applies to the transaction under revised Article 9 and to Defendant(s), because lien rights on the property arose in favor of Defendant(s) as a result of the transaction.

21. Defendant(s) failed and /or refused to meet the disclosure requirements of Revised Article 9 of the UCC, by not providing the notice required or filing it before during or immediately after the settlement, as mandated under the Article.

22. Plaintiff is specifically in the class of persons this statute was designed to protect.

23. As a direct, proximate, and foreseeable result of Defendants failure to provide proper notices, plaintiff lossed his property and is currently losing of use of property and other damages as a result of Defendants failure.

## COUNT III(MISSING STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. §1635,ET SEQ)

24. The facts made above in paragraphs 1 through 23 are hereby realleged as though fully set out and incorporated by reference herein.

25. The two required statements under 15 USC 1639(a) (1) (A) and (B) are completely missing.

26. Plaintiff also failed and /or refused to meet the disclosure requirements of Section 1635, by not providing the notice/disclosure or filing it before during or immediately after the settlement, as required under this statute.

27. Defendant is specifically in the class of persons this statute was designed to protect.

28. As a direct, proximate, and foreseeable result of Plaintiffs failure to provide proper notice, defendant is subject to loss of property and loss of use of property and other damages as a result of Plaintiffs failure.

## COUNT IV (MISSING DISCLOSURE STATEMENT VIOLATION, PURSUANT TO 15 U.S.C.§1635,ET SEQ.)

29. The facts made above in paragraphs 1 through 28 are hereby realleged as though fully set out and incorporated by reference herein.

30. The required disclosure statements are completely missing under 15 USC 1638(a)(2)(B) (a)(9), (a)(11) and (a)(12) and Regulation Z, Part 226.17 et seq.

31. Plaintiff failed and /or refused to meet the disclosure requirements of Section 1638, by not providing the disclosure or causing its filing before during or immediately after the settlement, as required under this statute.

32. Defendant is specifically in the class of persons this statute was designed to protect.

33. As a direct, proximate, and foreseeable result of Plaintiffs failure to provide proper notice/disclosure, defendant is subject to loss of property and loss of use of property and other damages as a result of Plaintiffs failure.

## COUNT V (DISCLOSURE VIOLATION, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS § 226, ET SEQ.)

34. The facts made above in paragraphs 1 through 33 are hereby realleged as though fully set out and incorporated by reference herein.

The Federal Reserve Board Interpretation, Title 12 Code of Federal Regulations Part 226, Supplement I, Paragraph 23(a)(1), provides that in the present case the transaction is rescindable for reasons above and below stated.

35. The disclosures made in relation to the consumer credit transaction were not presented in the manner required by law. Furthermore, the disclosures were not grouped together and were not segregated from everything else as required by Title 12 Code of Federal Regulations, Section 226.17(a)(1) and in this case were not given at all.

36. Defendant is specifically in the class of persons this statute was designed to protect.

37. As a direct, proximate, and foreseeable result of Plaintiffs failure to provide proper notice/disclosure, defendant is subject to loss of property and loss of use of property and other damages as a result of Plaintiffs failure.

## COUNT VI (RIGHT TO RECIND VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS § 226,ET,SEQ.)

38. The facts made above in paragraphs 1 through 37 are hereby realleged as though fully set out and incorporated by reference herein.

39. The right to rescind or cancel settlement document was unsigned by both parties, was not disclosed or given, as required by Title 12 Code of Federal Regulation, Section 226.18 et seq.

40. Plaintiff is specifically in the class of persons this statute was designed to protect.

41. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice/disclosure, defendant is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT VII (RIGHT TO CANCEL VIOLATIONS PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS § 226,ET. SEQ.)

42. .The facts made above in paragraphs 1 through 41 are hereby realleged as though fully set out and incorporated by reference herein.

43. There was no separate form to cancel, as required by Title 12 Code of Federal Regulation, Section 226 et seq.

44. Plaintiff is specifically in the class of persons this statute was designed to protect.

45. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice/disclosure, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT VIII (DISCEPTIVE GROUPING VIOLATIONS PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS § 226 ET. SEQ)

46. The facts made above in paragraphs 1 through 45 are hereby realleged as though fully set out and incorporated by reference herein.

47. The interest disclosures were not given together with other information within the documents.

48. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice/disclosure, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT IX (NO GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS § 226 ET.SEQ)

49. The facts made above in paragraphs 1 through 48 are hereby realleged as though fully set out and incorporated by reference herein

50. No good faith estimate copy was received by Defendant(s), as required by 12 Code of Federal Regulation, Section 226.18(c) and 12 USC 2601 et seq.

51. Plaintiff is specifically in the class of persons this statute was designed to protect.

52. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice/disclosure, plaintiff is subject to loss of property and loss of use of

property and other damages as a result of Defendant(s) failure.

## COUNT X (CONSUMER STATEMENT MISSING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTIONS 226 ET.SEQ)

53. The facts made above in paragraphs 1 through 52 are hereby realleged as though fully set out and incorporated by reference herein.

54. A statement that the consumer should refer to the appropriate contract document and clause for information about nonpayment, default, the right to accelerate was not given, as required by Title 12 Code of Federal Regulation, Section 226.18(p).

55. Plaintiff is specifically in the class of persons this statute was designed to protect.

56. As a direct, proximate, and foreseeable result of Defendant(s)failure to provide proper notice/disclosure, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XI (DISCLOSURE VIOLATION, PURSUANT TO TITLE 15 U.S.C. § 1601, ET SEQ)

57. The facts made above in paragraphs 1 through 56 are hereby realleged as though fully set out and incorporated by reference herein.

58. Since this action was commenced, Defendant has continued and so continues to violate the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226, which was adopted pursuant to such Act, by failing to properly make the disclosures required by the Act and Regulation Z, as herein after more particularly set forth.

59. Plaintiff is specifically in the class of persons this statute was designed to protect.

60. As a direct, proximate, and foreseeable result of Defendant(s)failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

## COUNT VII (FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR § 226.4 ET. SEQ)

61. The facts made above in paragraphs 1 through 60 are hereby realleged as though fully set out and incorporated by reference herein.

62. Defendant(s) failed to disclose in or with the disclosure statements, because no disclosure statements were given, the amount of the balance to which the rate was applied and an explanation of how that balance was determined and further failed to disclose the fact that the balance is determined without first deducting all credits and payments made and payments as required by Title 12 Code of Federal Regulations, Section 226.4 et seq.

63. Plaintiff is specifically in the class of persons this statute was designed to protect.

64. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper acceleration notice, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XIII (FAILURE TO DISCLOSE ITEMIZATION OF CHARGES, PURSUANT TO TITLE 12 USC 2610 ET SEQ)

65. The facts made above in paragraphs 1 through 64 are hereby realleged as though fully set out and incorporated by reference herein.

66. Defendant(s) failed to disclose in or with the acceleration statement the amounts, itemized and identified by type, of charges other than finance charges debited to the

account during the acceleration period as required by Title 12 Code of Federal Regulations, Section 226.21.

67. Plaintiff is specifically in the class of persons this statute was designed to protect.

68. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XIV (INFLATION OF ACCELERATION FEES, IN VIOLATION OF TITLE 12 USC § 2610,ET,SEQ)

69. The facts made above in paragraphs 1 through 68 are hereby realleged as though fully set out and incorporated by reference herein.

70. Defendant(s) has inflated the acceleration fees without operation of law, which amounts to usurious interest, in violation of Banking Law at 12 USC 2610 et seq.

71. Plaintiff is specifically in the class of persons this statute was designed to protect.

72. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and other damages as a result from the Defendant(s) failure.

## COUNT XV (FAILURE TO DISCLOSE DATE , IN VIOLATION OF TITLE 12 USC § 2610 ET,SEQ)

73. The facts made above in paragraphs 1 through 72 are hereby realleged as though fully set out and incorporated by reference herein.

74. Defendant(s) failed to disclose the date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional

finance charges as required by Title 12 Code of Federal Regulations, Section 226.18(p).

75. Plaintiff is specifically in the class of persons this statute was designed to protect.

76. As a direct, proximate, and foreseeable result of Defendant(s)failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XVI (FAILURE TO PROVIDE COPIES OF MORTGAGE, IN VIOLATION OFUSC § 1601 ET.SEQ)

77. The facts made above in paragraphs 1 through 76 are hereby realleged as though fully set out and incorporated by reference herein.

78. Defendant(s)failed to give to plaintiff signed copies of the complete mortgage as required by 15 USC 1601 et seq. within a reasonable amount of time or never during the entire period of the Loan Agreement.

79. Plaintiff is specifically in the class of persons this statute was designed to protect.

80. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XVII (FAILURE TO OBTAIN SIGNED LOAN DOCUMENTS, IN VIOLATION OF 15 USC § 1601, ET SEQ. AND TITLE 12, REGULATION Z, PART 226 ET.SEQ.)

81. The facts made above in paragraphs 1 through 80 are hereby realleged as though fully set out and incorporated by reference herein.

82. Defendant(s)failed to give the required sentences in various loan documents and have signed by the plaintiff, as required by 15 USC 1601 et seq. and Title 12, Regulation Z, Part 226 et seq.

83. Plaintiff is specifically in the class of persons this statute was designed to protect.

84. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XVIII (FAILURE TO DISCLOSEUSE OF SETTLEMENT FEES IN VIOLATION OF TITLE 12, REGULATION Z AND 15 USC § 1601 ET. SEQ.

85. The facts made above in paragraphs 1 through 84 are hereby realleged as though fully set out and incorporated by reference herein.

86. Defendant(s)failed to disclose to the Plaintiff that the settlement fees could not be a part of the amount financed as required by Title 12, Regulation Z and 15 USC 1601 et seq.

87. Plaintiff is specifically in the class of persons this statute was designed to protect.

88. As a direct, proximate, and foreseeable result of Defendant(s)failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XIX (FAILURE TO DISCLOSE LOWER INTEREST RATE, IN VIOLATION OF 12 USC § 2601,ET.SEQ)

89. The facts made above in paragraphs 1 through 88 are hereby realleged as though fully set out and incorporated by reference herein.

90. Defendant(s) failed to disclose to plaintiff that the loan obtained has an interest rate higher than the rate reflected in the Preliminary Disclosures and do not fall within the tolerances as required by 12 USC 2601 et seq.

91. Plaintiff is specifically in the class of persons this statute was designed to protect.

92. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XX (FAILURE TO DISCLOSE LOAN ORIGINATION FEE, IN VIOLATION OF 12 USC § 2601 ET. SEQ)

93. The facts made above in paragraphs 1 through 92 are hereby realleged as though fully set out and incorporated by reference herein.

94. Defendant(s) failed to disclose to plaintiff that the loan obtained required loan origination fees, whereas the Preliminary Disclosures reflected no such fees as required by 12 USC 2601 et seq.

95. Plaintiff is specifically in the class of persons this statute was designed to protect.

96. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice, plaintiff is subject to loss of property, loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XXI (FAILURE TO GIVE 3 DAY COOLING PERIOD, IN VIOLATION OF 15 USC § 1601, ET .SEQ)

97. The facts made above in paragraphs 1 through 96 are hereby realleged as though fully set out and incorporated by reference herein.

98. Defendant(s) failed to give plaintiff the required 3 day cooling off period, as required by Regulation Z and 15 USC 1601 et seq.

99. Plaintiff is specifically in the class of persons this statute was designed to protect.

100. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper disclosure, plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XXII (FAILURE TO GIVE CONSPICUOUS WRITINGS, IN VIOLATIONS OF 15 USC § 1601,ET,SEQ, AND TITLE 12 CODE OF THE FEDERAL REGULATIONS , § 226.18)

101. The facts made above in paragraphs 1 through 100 are hereby realleged as though fully set out and incorporated by reference herein.

102. By reason of the foregoing, Defendant(s)has failed to make the disclosures required by 15 USC 1601 et seq. and Title 12 Code of Federal Regulations, Section 226.18, clearly and conspicuously in writing, in a form that Plaintiff could keep as required by 15 USC 1601 et seq. and Title 12, Code of Federal Regulations, Section 226.18. As a proximate result of the foregoing, the Plaintiff herein has the right to rescind the entire transaction.

103. Plaintiff is specifically in the class of persons this statute was designed to protect.

104. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and

other damages as a result of Defendant(s) failure.

## COUNT XXIII (FAILURE TO GIVE PROPER NOTICE OF DEFAULT AND RIGHT TO CURE AND ACCELERATION NOTICE, IN VIOLATION OF 12 USC 2601 ET SEQ, 15 USC §1601, ET SEQ AND TITLE 12 CODE OF FEDERAL REGULATIONS, § 226.18)

105. The facts made above in paragraphs 1 through 104 are hereby realleged as though fully set out and incorporated by reference herein.

106. Defendant(s) has further failed to give proper notice of Notice of Default and Right to Cure and acceleration of the loan transaction as required by 12 USC 2601 et seq. and 15 USC 1601 et seq.

107. Plaintiff is specifically in the class of persons this statute was designed to protect.

108. As a direct, proximate, and foreseeable result of defendant(s) failure to provide proper notice, Plaintiff is subject to loss of property and loss of use of property and other damages as a result of Defendant(s) failure.

## COUNT XXIV (VIOLATION FAILURE TO DISCLOSE INTEREST RATES PURSUANT TO REGULATION Z, PART 226.4)

109. 111. The facts made above in paragraphs 1 through 108 are hereby realleged as though fully set out and incorporated by reference herein.

110. Defendant(s) failed to disclose beginning interest rates and the adjustable rate rider.

111. Plaintiff is specifically in the class of persons this statute was designed to protect.

112. As a direct, proximate, and foreseeable result of Defendant(s) failure to provide proper notice, plaintiff is subject to loss of property and loss of use of property and

other damages as a result of Defendant(s) failure.

## COUNT XXV (INJUNCTIVE RELIEF)

113. The facts made above in paragraphs 1 through 112 are hereby realleged as though fully set out and incorporated by reference herein.

114. Plaintiff has been and was be seriously injured by the Defendant(s) foreclosure and other activities complained of are preliminarily and permanently enjoined.

115. Plaintiff will suffered irreparable injury of a continuing nature that cannot be adequately calculated or compensated in money damages.

116. Plaintiff seeks an injunction from Defendant from evicting the plaintiff under index # LT -001761-12/NA in the Nassau County District Court 1st District, keeping relevant documents such as, complete loan package but not limit there to and to forward all relevant foreclosure documents to the defendant.

### Prayer for Relief

117. Rescission of the entire Mortgage and note amounting to clear title to property with fixtures as a result of the aforementioned.

118. As a result of Plaintiffs aforesaid violations, Plaintiff is liable to Defendant in an amount not less than $200.00 and up to $2000.00, for each and every violation.

119. Damages as a result of the aforementioned violations, to be fixed and awarded by the Court.

120. Damages for the Unfair and Deceptive Acts and Practices in the amount of $4000.00 for each and every violation.

121. Damages in the amount of three times the interest paid and clear title to the property stemming from the usurious interest.

122. Judgment against Defendant(s) for return of the down payment, and other payments, as well as interest on the above amount.

123. Cost of litigation as provided in Title 15 United States Code, Section 1601 et. Seq.

124. Order the foreclosure sale of the subject premises null and void.

125. Any other relief the court deems just and proper.

Respectfully Submitted,



_____ x

William Morgan

William Morgan
122 Boden Ave
Valley Stream, NY 11580
347 898-1819

### VERIFICATION

Notary:

I certify that I know or have satisfactory evidence that William Morgan is the person(S) who appeared before me, and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

_____ 12-20-18
Notary

MOSES GANTZ
Notary Public, State of New York
No. 01GA6320998
Qualified in Kings County
Commission Expires March 16, 201_