UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM MORGAN, as beneficiary,

                        Plaintiff,

-v-

WELSS FARGO, KAMRAN GHAZVINI,

                        Defendants.

**MEMORANDUM AND ORDER**
18-CV-07264 (LDH) (SIL)

L SHANN D ARCY HALL, United States District Judge:

Plaintiff William Morgan, as beneficiary, proceeding pro se, asserts various claims under federal law against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and Kamran Ghazvini arising out of a real-estate mortgage and note.[1] (Compl., ECF No. 1.) Wells Fargo moves pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of subject-matter jurisdiction, improper service of process, and failure to state a claim.[2] (Mot. Dismiss Pl.'s Compl. as against Def. Wells Fargo, ECF No. 13.)

**BACKGROUND**[3]

On March 20, 2007, Joseph A. Collier executed a $485,550.00 note concerning the property located at 603 Franklin Avenue, Massapequa, NY 11758. (Aff. Jacqueline Hunter ("Hunter Aff.") ¶ 4, ECF No. 13-1.) As a result of a series of transactions, Wells Fargo acquired

---

[1] The caption of the complaint misspells the name of the first Defendant as "Welss Fargo."

[2] Defendant Ghazvini answered Plaintiff's complaint, (ECF No. 11), and has not moved to dismiss.

[3] The following facts are taken from the complaint and the parties' affidavits and, unless otherwise indicated, are assumed to be true for the purpose of this memorandum and order.

the note on November 1, 2009.  (*Id.* ¶ 5.)  Collier is deceased, and Plaintiff is a beneficiary of the loan agreement.[4]  (*Id.* ¶ 7.)

In May 2010, the loan went into default.  (Margarella Decl. ¶ 4, ECF No. 13-5.)  On September 7, 2016, Wells Fargo commenced a foreclosure action in New York Supreme Court against the executor and administrator of Collier's estate.  (*Id.* ¶ 3.)  In September 2017, after none of the defendants answered the foreclosure complaint, the court granted Wells Fargo's motion for a final judgment of foreclosure and sale.  (*Id.* ¶ 5.)  In December 2018, the subject property was sold to Defendant Ghazvini.  (*Id.* ¶ 6.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of establishing by a preponderance of the evidence that subject-matter jurisdiction exists.  *Id.*  "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[].'"  *Tiraco v. N.Y. State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).  Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."  *Makarova*, 201 F.3d at 113.

Where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Sykes v. Bank of Am.*, 723

---

[4] The foreclosure complaint alleges that Collier died on April 5, 2008.  (Decl. Michael V. Margarella Supp. Def.'s Mot. Dismiss Pl.'s Compl. ("Margarella Decl."), Ex. 1 ¶ 2, ECF No. 13-6.)

F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

## DISCUSSION

Defendants argue, among other things, that the complaint must be dismissed pursuant to the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine. The Court agrees in part.

"*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). Here, Wells Fargo makes the bare assertion that the foreclosure action "is pending." (Mem. Law Supp. Def. Wells Fargo Bank, N.A.'s Mot. Dismiss Pl.'s Compl. Pursuant Fed. R. Civ. P. 12(b)(1), (2), (5), (6) ("Def.'s Mem.") at 4, ECF No. 13-11.) However, it is undisputed that the state court issued a final judgment and that the property at issue was sold at a foreclosure sale. (Margarella Decl. ¶¶ 5–6.) And there is no indication from the parties' submissions that an appeal has been filed. In other words, there is no evidence that the state proceeding is actually pending, so the Court shall not apply the *Younger* abstention doctrine to bar Plaintiff's claims.

Defendants' arguments regarding the *Rooker–Feldman* doctrine are more persuasive. "Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). "There are 'four requirements for the application of *Rooker–Feldman*': (1) the federal-court plaintiff lost in state court; (2) the

3

plaintiff 'complain[s] of injuries caused by a state court judgment'; (3) the plaintiff 'invite[s] . . . review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court proceedings commenced.'" *Id.* (quoting *Hoblock v. Albany Cty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005)).

All four requirements are met here. *First*, although Plaintiff was not a party to the foreclosure action, his interests were adequately represented by Defendants in that case, the executor and administrator of the Collier estate, who lost. (Margarella Decl. ¶ 5). The Second Circuit has explained that "federal case law governing the application of preclusion doctrines to nonparties should guide the analogous inquiry in the *Rooker–Feldman* context." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 90 (2d Cir. 2005). "Representative suits with preclusive effect on nonparties include . . . suits brought by trustees, guardians, and other fiduciaries." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (internal citations omitted). In *Chicago, Rock Island & Pacific Railway Co. v. Schendel*, the Supreme Court held that a prior judgment against the beneficiary of an estate was binding, for res judicata purposes, on the estate's administrator in a subsequent action raising the same claim. 270 U.S. 611, 617–18 (1926). Building on *Chicago, Rock Island*, federal courts have long cited that case for the proposition that a beneficiary is similarly bound by a judgment properly maintained or defended by an executor, administrator, or trustee. *Shaw Family Archives Ltd. v. CMG Worldwide, Inc.*, No. 05-CV-3939, 2008 WL 4127830, at *9 (S.D.N.Y. Sept. 2, 2008) (collecting cases). The same outcome is warranted here. In the caption of the complaint, Plaintiff holds himself out as a beneficiary of the estate at issue. (Compl. 1.) The foreclosure action was litigated against the executor and administrator of the estate. (Margarella Decl. ¶¶ 3–5.) Thus, the state-court judgment is binding on Plaintiff.

*Second*, Plaintiff alleges throughout the complaint that he suffered the "loss of property and loss of use of property." (Compl. ¶¶ 28, 33, 37, 41, 45, 52, 56, 60, 64, 68, 72, 76, 80, 84, 88, 92, 96, 100, 104, 108, 112.) Plaintiff's alleged injury stems from the outcome of the state-court judgment in the foreclosure case as evidenced by the relief he requests—title to the property and an order that the foreclosure sale of the subject premises is null and void. *See Vossbrinck*, 773 F.3d at 427.

*Third*, Plaintiff effectively invites review and rejection of the state court's judgment. He asks this Court to rescind the mortgage and note, "[o]rder the foreclosure sale of the subject premises null and void," and enjoin Defendants from evicting him from the property at issue. (*Id.* ¶¶ 116, 117, 124.) To do so, the Court would be required to vacate the state court's judgment. *Fourth*, the state court rendered its judgment on September 19, 2017, more than a year before the commencement of this action. (Margarella Decl. Ex. 2, ECF No. 13-7.) Accordingly, the *Rooker–Feldman* doctrine precludes this Court's jurisdiction over the complaint. *See Vossbrinck*, 773 F.3d at 427 (holding that claims arising out of foreclosure judgment were barred).[5]

## CONCLUSION

For the foregoing reasons, Wells Fargo's motion to dismiss the complaint for lack of subject-matter jurisdiction is GRANTED, and the complaint is dismissed in its entirety, without prejudice, pursuant to the *Rooker–Feldman* doctrine.[6] Plaintiff is ordered to show cause as to why the case should not be dismissed against Defendant Ghazvini within 30 days. Failure to do

---

[5] Having dismissed the complaint pursuant to the *Rooker–Feldman* doctrine, the Court need not reach Defendants' remaining arguments.

[6] Plaintiff's request to "hire an attorney," which the Court construes as a request to seek pro bono counsel, is denied. (*See* Response, ECF No. 14.)

so may result in the Court dismissing the action against Defendant Ghazvini for failure to prosecute.  The Clerk of Court is respectfully directed to mail a copy of this order to the pro se litigants.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      January 23, 2020  L aSHANN D eARCY HALL
                        United States District Judge